IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 6962 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lisa G.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's request for affirmance [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 6, 2018, Plaintiff filed a claim for DIB, alleging disability since August 1, 2017. Plaintiff also filed a claim for SSI on June 20, 2018, alleging the same disability date. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), and a video hearing was held on February 21, 2020. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 13, 2020, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 1, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: congenital anomaly of a coronary artery and diabetes. The ALJ concluded at step

three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can frequently climb ramps or stairs; and cannot work at unprotected heights. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a hand packager, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019)

(citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ incorrectly assessed Plaintiff's RFC; and (2) the ALJ incorrectly assessed Plaintiff's reported symptoms and limitations.

For her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to properly account for her fatigue and her frequent need to use the restroom. Pertinent to Plaintiff's urinary frequency, Plaintiff testified that she takes diuretics and that in the first couple of hours after taking the water pills she must go to the bathroom at least 10 times. (R. 68.) Plaintiff further testified that, as a result of drinking a lot of water throughout the day due to diabetes-related dehydration, she needs to go the bathroom every thirty minutes to an hour. (*Id.*) In his decision, the ALJ noted medical documentation of Plaintiff's urinary frequency and briefly assessed the issue as representing "a singular set of circumstances." (*Id.* at 27.) However, in his discussion regarding Plaintiff's alleged symptoms, the ALJ did not address in any manner Plaintiff's testimony regarding her need to frequently use

6

the bathroom. Further, as recited above, the ALJ's RFC assessment does not include any accommodations for bathroom breaks.

The Court agrees with Plaintiff that the ALJ erred by not fulsomely addressing Plaintiff's asserted need to use the bathroom and/or not providing any work-related limitation accounting for the number of bathroom breaks Plaintiff would need to take throughout the workday. *See Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *6 (N.D. Ill. Aug. 19, 2021) ("[T]he ALJ erroneously failed to account for any bathroom breaks Plaintiff would need."); *Wright v. Berryhill*, No. 1:14-CV-08163, 2017 U.S. Dist. LEXIS 21668, at *36-37 (N.D. Ill. Feb. 16, 2017) ("[T]he ALJ did not consider whether Claimant's constant need for bathroom breaks would create an unacceptable off-task time for sustainable employment."). The ALJ was required to account for Plaintiff's testimony about her frequent bathroom breaks, which he did not do. *See Kelly Q. v. Kijakazi*, No. 18-CV-39998, 2022 U.S. Dist. LEXIS 95526, at *25 (N.D. Ill. May 27, 2022) ("Plaintiff also testified that she suffers 'bad days' up to seven times per month and requires 5-10 minutes for each bathroom break. . . . Yet, the ALJ failed to evaluate whether and to what extent Plaintiff's bathroom needs could impact her ability to perform her past work as a 911 dispatcher (or any other light work)."). To the extent Plaintiff's testimony and/or other record evidence supported the need for frequent bathroom breaks, the ALJ was required to incorporate related limitations into the RFC, which he also did not do. *See Bay v. Berryhill*, No. 16 C 9525, 2018 U.S. Dist. LEXIS 13977, at *13 (N.D. Ill. Jan. 29, 2018) ("[T]he ALJ did not

incorporate into the RFC Ms. Bay's testimony that she took an abnormal amount of bathroom breaks. . . . The ALJ's failure to consider how Ms. Bay's bathroom breaks could affect her RFC was error."). The ALJ's errors in that regard require that this matter be remanded. *See Manker v. Berryhill*, No. 16 C 10704, 2017 U.S. Dist. LEXIS 211022, at *10 (N.D. Ill. Dec. 22, 2017) ("[T]he ALJ's failure to determine the frequency and duration of Claimant's required bathroom breaks and the practical workday limitations resulting therefrom is an error requiring remand.") (citations omitted); *Stanley R. v. Saul*, No. 20-cv-1192, 2021 U.S. Dist. LEXIS 116184, at *12 (N.D. Ill. June 22, 2021) ("On remand the ALJ should take care to more fully develop the record to determine whether and, if so, how the specific frequency and duration of Plaintiff's bowel movements would interfere with his ability to work.").

Plaintiff also argues that the ALJ did not sufficiently address her fatigue. Pertinent to Plaintiff's fatigue, the ALJ determined that Plaintiff's diabetes constituted a severe impairment. Plaintiff testified that she becomes fatigued when her blood sugar is low. (R. 67, 69.) Plaintiff further testified that when her blood sugar fell, she needed to rest at least 15 minutes, eat a snack, and take an insulin shot before continuing. (*Id.* 67, 73.) As with Plaintiff's urinary frequency, the ALJ noted Plaintiff's fatigue in a single passage, assessing it as being attributable to "a singular set of circumstances." (*Id.* at 27.) However, the ALJ did not discuss Plaintiff's reported fatigue when evaluating Plaintiff's alleged symptoms. The Court agrees with Plaintiff that the ALJ's evaluation of her diabetes-related fatigue falls short of what is required. In light of Plaintiff's asserted issues with fatigue, the ALJ

8

was required to fulsomely "discuss [the claimant's] fatigue and how it might affect her job performance." *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003). The ALJ did not do that. The ALJ's failure to properly account for Plaintiff's fatigue is another error that requires that this matter be remanded. *See Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008) ("Despite these numerous references [to fatigue], it is unclear if, or to what extent, ALJ White considered Allen's fatigue in concluding that he has the residual functional capacity to perform light work with certain specified limitations. On remand, the ALJ must discuss how Allen's fatigue affects his ability to work.") (citations omitted).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly assessed and explained and Plaintiff's alleged symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's request for affirmance [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:**   **July 12, 2022**

                                                    **HON. MARIA VALDEZ**
                                                    **United States Magistrate Judge**